UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RONNIE MORROW, ) <br> ) <br> Defendant. ) | Nos. 6:08-CR-121-GFVT-HAI-3, <br> 6:15-CR-31-GFVT-HAI <br><br> RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove (D.E. 57[1]), the Court considers reported violations of supervised release conditions by Defendant Ronnie Morrow. According to the government, in March 2018 Defendant twice violated the condition that he not commit another federal, state, or local crime when on two separate occasions he was arrested for DUI after crashing his vehicle. Defendant contests that he committed the alleged violations. The Court held a hearing on the violations on July 24, 2018 (D.E. 72), and released its writing findings on August 10 (D.E. 75). The Court incorporates Docket Entry 75 into this recommended disposition. Docket Entry 75 summarizes the history of this case, including the July 24 hearing, and contains the Court's reasons for recommending that Defendant be found guilty of both charged violations.

**I.**

The Court has evaluated the entire record, including the March 20 Violation Report (containing Violation #1), the March 26 Addendum (containing Violation #2), and the July 23

---

[1] For simplicity, the Court will refer to the docket entry numbers in case number 6:15-CR-31-GFVT. Defendant's other case contains identical docket entries.

Second Addendum, accompanying documents, and the sentencing materials from the underlying judgments. Additionally, the Court has considered all the § 3553 factors imported into the § 3583(e) analysis.

Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Here, there are two underlying convictions. First, in what is now 6:15-CR-31-GFVT, Defendant pleaded guilty in North Carolina in 2006 to one count of possession of a firearm by a convicted felon, a Class C felony. At the time, Defendant's criminal history category was V. Second, in case 6:08-CR-131-GFVT-3, Defendant pleaded guilty in this District in 2009 to one count of possessing contraband in prison, namely marijuana, a Class D felony. By that point, Defendant's criminal history category was VI. For a Class C or D felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007). Under § 7B1.1, Defendant's conduct constitutes two Grade C violations. In case 6:15-CR-31-GFVT, in which Defendant had a criminal history category of V at the time of conviction, Defendant's Guidelines Range (under Chapter 7's revocation table) is seven to thirteen months. However, in case 6:08-CR-131-GFVT-3, Defendant's criminal history category was VI. His Guidelines Range in case number 6:08-CR-121-GFVT-3 is eight to fourteen months.

A court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18

2

U.S.C. § 3583(b), (h).  Here, the maximum term available for supervised release in both cases is eight months.  The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release."  *See* 18 U.S.C. § 3583(h).  The maximum for Class C and D felonies is 36 months.  18 U.S.C. § 3583(b)(2).  Defendant's release has already been revoked three times, and he received sentences of eight months, seven months, and thirteen months of imprisonment.  Subtracting these 28 months yields a current maximum of eight months, minus whatever term of imprisonment the Court imposes upon this revocation.  *Id.* § 3583(h); *United States v. Brown*, 639 F.3d 735, 737-38 (6th Cir. 2011).

## II.

The Court reconvened the final hearing on August 13, 2018.  D.E. 76.  Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583.  *Id*.  The parties' recommended penalties varied widely, with the government seeking the statutory maximum of 24 months' imprisonment, and Defendant requesting eight months.

The government requested a statutory-maximum (and above the Guidelines Range) sentence of 24 months of imprisonment.  No additional supervised release would be available after that term.  According to the government, the need to protect the public was the overriding factor in this case.  And this factor in turn was related to Defendant's "lack of respect for the law" and the need to deter him from additional criminal conduct.

According to the government, Defendant's extensive criminal history and history of violations evidence a lack of respect for the law.[2]  He has been on supervision for two separate

---

[2] Although counsel stressed the need for the sentence to promote respect for the law, that sentencing factor is not incorporated into the factors to be applied when modifying or revoking supervised release.  *See* 18 U.S.C. § 3583(e).

federal felony convictions, and this is his fourth revocation. This revocation includes two instances of criminal conduct. And these were DUI crashes, which not only violated state law and the terms of his release, but also put the public in danger.

In addition to these circumstances, the need for deterrence was highlighted by Defendant's failure to benefit from rehabilitation opportunities. According to the government, Defendant "failed out" of treatment in 2014. And recently he was "graduated early" from another program without explanation from the program director. Defendant's lack of serious engagement with treatment efforts indicates a need for deterrence.

Finally, the government argued that being "on paper" has been inadequate to protect the public. Not only had Defendant used some intoxicating substance while on release, but he operated a vehicle and ended up causing a head-on collision. He was arrested, released, and a few days later wrecked his vehicle again.

The government argued that these facts, especially in the context of a fourth revocation, support an above-Guidelines sentence of 24 months.

The defense argued that a within-Guidelines penalty would be adequate, and asked for eight months. Again, there would be no available supervised release remaining. The defense pointed out that Defendant has already been in jail for five months. And, had he not been arrested on these violation allegations, he would have completed his supervised release on August 10, 2018. The defense also argued that a large sentence was inappropriate because Defendant "maintains he did not commit the violations" and has shown a "consistent denial of the conduct." Defendant's previous revocation sentence of thirteen months was driven by a Grade B violation. Because these are Grade C violations, the defense argued, they warrant a lighter sentence. Also, the previous sentence was a downward departure. Because an eight-

month sentence would not be a downward departure, the defense argued, in a sense, it would be more severe.

Defendant addressed the Court and maintained his innocence. He said, "my past got me convicted" and the Court's finding of guilt was "wrong." No one was able to prove he had been "under the influence of anything." He questioned why his probation officer did not procure a full-panel synthetic cannabinoid panel from Alere. Doing so, he said, would have proven his innocence. Defendant argued that, assuming he was guilty, only a within-Guidelines sentence would be fair because he was going to be off-paper the Friday before the revocation heairng. He said his girlfriend is scheduled to give birth to his daughter in November.

Defendant is reminded that he is free to appeal this recommendation to the District Judge, including its findings of guilt.

**III.**

The undersigned recommends 24 months of incarceration, with no supervised release to follow. To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the § 3583(e) analysis, as well as the Guidelines Range.

One factor focuses on the nature and circumstances of Defendant's underlying conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Here, Defendant has two underlying convictions, one for being a felon in possession of a firearm, and one for possessing marijuana in prison. The firearms charge emerged after Defendant shot at an occupied vehicle. Defendant claimed he was returning fire, but the charge still suggests he is dangerous and lacks respect for the law. These themes of danger and lack of

respect for the law continue through Defendant's current violations, in which he engaged in dangerous behavior and then denied intoxication.

As to Defendant's history and characteristics, his criminal history is also cause for concern. Defendant has a history of drug crimes and violent crimes. He was a category VI when he was last sentenced. This is his fourth revocation. He was given a lenient below-Guidelines sentence last time on the basis that he was believed to have turned a corner. The Court's hope in Defendant failed to pan out.

The need to deter criminal conduct and to protect the public are key factors, considering Defendant's history of committing violent crimes and drug crimes and violating his supervised release conditions. Again, this is his fourth revocation. It involves two instances of driving under the influence that resulted in automobile accidents. On one occasion, he drove onto the wrong side of the road and struck another vehicle head-on. Defendant utterly failed the field sobriety tests on both occasions, yet later claimed that he was not under the influence. The consequence this time must be sufficiently severe to deter further violations and to protect the danger posed by Defendant's unwise decisions. Now that his supervised release is essentially exhausted, only a lengthy prison term can protect the public from Defendant's reckless unlawful behavior.

Another factor concerns the need for training, education, and treatment. This time, the Court cannot recommend treatment because Defendant has denied the use of any intoxicating substance. Defendant appears to be a chronic drug abuser, yet he appears disinterested in acknowledging this problem and seeking help.

The Guidelines suggest that the *primary* wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary

issue. *See* Guidelines 7 Pt. A(3)(b). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into § 3583(e). At the last revocation, the Court warned Defendant "that another violation will almost certainly garner the maximum sentence of incarceration." D.E. 52 at 10. Once again, Defendant has shown contempt for the trust extended to him. Notably, he benefitted from a downward departure on his third revocation, from Ranges of 18-24 and 21-24 months to a sentence of just thirteen months. D.E. 52. Having shown leniency in the past, the Court is not inclined to do so now.

One factor the Court must consider is the need to avoid unwarranted sentencing disparities. This factor is usually addressed by imposing a within-Guidelines sentence. Here, the Court recommends adopting the government's recommended above-Guidelines sentence. When departing from the Range, the Court must provide an adequate explanation and "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). The Court must state "'the *specific reason* for the imposition of a sentence different from that described [in the applicable Guidelines or policy statements.]'" *Id.* (quoting 18 U.S.C. § 3553(c)(2)).

Here, a statutory maximum sentence is warranted by the fact that this is Defendant's fourth revocation and the dangerous nature of the violations. Additionally, he was granted a downward departure last time. The need for deterrence and protection of the public are especially acute here, given both Defendant's history of violence and drug crimes and the current revocation behavior that involves intoxication and car wrecks. The danger Defendant poses to the public is evident. The only tool available at this point to adequately protect the public is

incarceration. The breach of trust is also quite severe, particularly given Defendant's history of prior revocations and the grace he was shown last year. No additional supervised release would be available following this sentence.

For the reasons stated above, the Court finds that a sentence of 24 months of incarceration is sufficient, but not greater than necessary, to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

## IV.

Based on the foregoing, the Court **RECOMMENDS:**

(1) That Defendant be found guilty of Violation #1 and Violation #2, for the reasons described at Docket Entry 75.

(2) Revocation with a term of imprisonment of 24 months, with no supervised release to follow.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), **within fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 153-54 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 14th day of August, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge